[No. 19576.    Department One.—June 27, 1895.]

## CITY OF SAN BERNARDINO, APPELLANT, *v.* SOUTHERN PACIFIC COMPANY, RESPONDENT.

INTERSTATE COMMERCE — LICENSE TAX UPON RAILROAD COMPANY. — A license tax imposed by a municipal corporation upon a railroad company engaged in interstate commerce is void and cannot be enforced.

ID.—TAX UPON BRANCH LINE.—The fact that the license tax was imposed upon a branch line of railroad operated in the municipality does not render the tax valid, where it appears that the branch line was a part of the transcontinental line of railroad, and the railroad company is engaged in the carriage of passengers, freight, and mails between all points on the branch line and points on the main line of the railroad outside of the state of California.

APPEAL from a judgment of the Superior court of San Bernardino County.

The facts are stated in the opinion of the Court.

*H. C. Rolfe*, and *Rolfe & Rolfe*, for Appellant.

A city may enforce a license tax on a railroad company having a depot or operating its railroad therein. (*Los Angeles* v. *Southern Pac. R. R. Co.*, 61 Cal. 59; *San Jose* v. *San Jose etc. R. R. Co.*, 53 Cal. 476.) A common carrier is not an entirety, so as to exonerate it from paying a license on each of its branch offices in the different counties of the state. (*People* v. *Wells*, 19 Cal. 293; *Sacramento* v. *California Stage Co.*, 12 Cal. 134.) A state or municipality may, by imposing a license or other tax on internal business, indirectly affect commerce or business carried on between different states. (*Ficklen* v. *Shelby County Taxing Dist.*, 145 U. S. 1.) A state may tax its own internal commerce. (*Robbins* v. *Shelby County etc. Dist.*, 120 U. S. 499; *Wiggins Ferry Co.* v. *East St. Louis*, 107 U. S. 365; *Maine* v. *Grand Trunk Ry. Co.*, 142 U. S. 217.)

*William J. Hunsaker*, and *William F. Herrin*, for Respondent.

There being no discrimination in the tax between local business and interstate business the tax is void. (*Osborne* v. *Mobile*, 16 Wall. 479; *Leloup* v. *Port of Mobile*, 127 U. S. 647; *Welton* v. *Missouri*, 91 U. S. 275; *Cook* v. *Pennsylvania*, 97 U. S. 566; *Webber* v. *Virginia*, 103 U. S. 344; *Moran* v. *New Orleans*, 112 U. S. 69; *Walling* v. *Michigan*, 116 U. S. 455; *Robbins* v. *Shelby County Taxing Dist.*, 120 U. S. 489; *Corson* v. *Maryland*, 120 U. S. 502; *Asher* v. *Texas*, 128 U. S. 129; *Leisy* v. *Hardin*, 135 U. S. 100; *Lyng* v. *Michigan*, 135 U. S. 161; *Minnesota* v. *Barber*, 136 U. S. 313; *Brimmer* v. *Rebman*, 138 U. S. 78; *Brennan* v. *Titusville*, 153 U. S. 289; *Pickard* v. *Pullman Southern Car Co.*, 117 U. S. 34, 49; *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196; *Wabash etc. Ry. Co.* v. *Illinois*, 118 U. S. 557.) A state tax upon the business of carrying freight or passengers into and out of the state is void, as being a tax upon commerce. (*Fargo* v. *Michigan*, 121 U. S. 230; *Philadelphia etc. Co.* v. *Pennsylvania*, 122 U. S. 326; *California* v. *Central*

*Pac. R. R. Co.*, 127 U. S. 1; *Lyng* v. *Michigan, supra; Norfolk etc. R. R. Co.* v. *Pennsylvania*, 136 U. S. 114; *Crutcher* v. *Kentucky*, 141 U. S. 47; *United States Express Co.* v. *Hemmingway*, 39 Fed. Rep. 60; *Commonwealth* v. *Smith*, 92 Ky. 38; 36 Am. St. Rep. 578.) A license tax, which is a tax on the privilege of doing a business involving interstate commerce, is void, and cannot be enforced. (*San Benito Co.* v. *Southern Pac. R. R. Co.*, 77 Cal. 518; *Pickard* v. *Pullman Southern Car Co.*, 117 U. S. 34; *Leloup* v. *Port of Mobile, supra; Asher* v. *Texas, supra; McCall* v. *California*, 136 U. S. 104; *Norfolk etc. R. R. Co.* v. *Pennsylvania, supra; Crutcher* v. *Kentucky, supra; Harman* v. *Chicago*, 147 U. S. 396; *Brennan* v. *City of Titusville, supra; Ex parte Thomas*, 71 Cal. 204; *In re White*, 43 Fed. Rep. 913; *In re Nichols*, 48 Fed. Rep. 164; *McClellan* v. *Pettigrew*, 44 La. Ann. 356; *In re Spain*, 47 Fed. Rep. 208; *Commonwealth* v. *Smith*, 92 Ky. 38; 36 Am. St. Rep. 578; *McLaughlin* v. *City of South Bend*, 126 Ind. 471; *Ex parte Murray*, 93 Ala. 78; *State* v. *Agee*, 83 Ala. 110; *Wrought Iron Range Co.* v. *Johnson*, 84 Ga. 754; *Fort Scott* v. *Pelton*, 39 Kan. 764; *In re Flinn*, 57 Fed. Rep. 496; *In re Kozelle*, 57 Fed. Rep. 155; *Clements* v. *Town of Casper* (Wyo., Jan. 16, 1894), 35 Pac. Rep. 472; *Georgia Packing Co.* v. *Mayor etc.*, 60 Fed. Rep. 774; *Farris* v. *Henderson*, 1 Oklahoma, 384.)

GAROUTTE, J.—This is an action by the city of San Bernardino, a municipal corporation of the fifth class, to recover of the Southern Pacific Company, a corporation organized under the laws of the state of Kentucky, the sum of one hundred dollars as license tax for carrying on the business of common carrier, under the provisions of a city ordinance imposing a license tax of five dollars a month on any person or company carrying on such business in said city. The answer alleges that the defendant is engaged in interstate commerce in operating a railroad for the carriage of freight and passengers and United States mail from New Orleans, in the state

of Louisiana, through the state of California, to Portland, in Oregon, and as part of said system operates a line of railroad to said city of San Bernardino, and that the sum sought to be recovered from defendant is a license tax for the privilege of engaging in interstate commerce, and its assessment and attempted enforcement and collection is a violation of article I, section 8, parts III and VII of the constitution of the United States.   The case was tried on an agreed statement of facts, and judgment went for defendant in the court below, and plaintiff appeals.

In the agreed statement of facts we find the following: " That the defendant is now, and at all the times stated in plaintiff's complaint herein was, a railroad corporation organized under the laws of the state of Kentucky, and engaged in operating, as lessee of the Southern Pacific Railroad Company, a continuous line of steam railroad, for the carriage of freight, passengers, and United States mails, for hire as common carriers, from the city of New Orleans, in the state of Louisiana, through the states of Louisiana and Texas, the territories of New Mexico and Arizona, and the states of California and Oregon, to the city of Portland, in the state of Oregon, and that as a part of its said transcontinental line of railroad, and connecting with its main line thereof, near Colton, in the county of San Bernardino, state of California, it operates a line of steam railroad to and into the city of San Bernardino, in said county and state, for the carriage of freight, passengers, and United States mails to and from points on its said main line of railroad outside the state of California; also between points in the state of California, and that it does now, and at all times mentioned in said complaint did, under contracts with the government of the United States, regularly carry over its said line of railroad the mails of the United States to and from said city of San Bernardino and to and from points outside of the state of California, and has at all times mentioned in the com-

plaint herein maintained an office at said city of San
Bernardino for the carrying on of its said business."

A license tax, which is a tax on the privilege of doing
business involving interstate commerce, is void and
cannot be enforced.   This doctrine cannot be ques-
tioned.   In *Lyng* v. *Michigan*, 135 U. S. 161, the court
said: "We have repeatedly held that no state has the
right to lay a tax on interstate commerce in any form,
whether by way of duties laid on the transportation of
the subjects of that commerce, or on the receipts de-
rived from that transportation, or on the occupation or
business of carrying it on, for the reason that taxation
is a burden on that commerce, and amounts to a regu-
lation of it, which solely belongs to Congress."   (See,
also, *Crutcher* v. *Kentucky*, 141 U. S. 47.)

It would appear from appellant's brief that this prop-
osition of law is not controverted, but its application
to the facts of this case is denied, upon the ground
that the line of railroad operated by the defendant
in the city of San Bernardino is not its main trunk
line, but is only a branch thereof.   In other words,
it is conceded that a similar license tax to the one
here involved would not be a valid tax, and could not
be collected, in any city located upon the main trunk
line of road between New Orleans and Portland, Or-
egon, not even in the city of Colton, which is situ-
ated at the point of junction of the main and branch
lines, and in the same county as the plaintiff itself.
Under the agreed statement of facts there is no sound
foundation upon which to rest the application of a dif-
ferent principle of law in these two classes of cities.   It
is stipulated that this branch line is "a part of its said
transcontinental line of railroad," and, in the face of the
existence of such fact, we do not perceive any force in
plaintiff's contention that this particular part of the rail-
road is no part of its main trunk line.   But the stip-
ulation of facts even goes beyond this broad statement,
and declares that the line of road operating in the
city of San Bernardino carries passengers, freight, and

United States mails to and from points on its said main line of railroad, outside of the state of California, also between points in the state of California, and likewise conveys the United States mails to and from such points. Carrying passengers and freight from San Bernardino to a thousand places on the line of the road in other states, and likewise from those points to San Bernardino, is conducting an interstate commerce business pure and simple, and by the stipulation this is the business the defendant is carrying on in the city of San Bernardino. The question of power in the city to create such an ordinance is not to be tested by the fact as to whether or not the city is located upon any particular line of railroad, be it trunk or branch line, but rather by the character of the business in which the defendant is engaged in the city passing the ordinance. In dealing with this question we do not concern ourselves as to the character of the franchise under which either the trunk line or the branch line of defendant is doing business. The character of defendant's business, and not the character of its franchise, points the judgment. Again, as far as plaintiff is concerned, it is the terminus of the transcontinental line; but we think the question of direct line and termini wholly immaterial.

If this question is to be determined by the character of the business done, and we are clear that by such rule the rights of defendant are to be measured, then plaintiff stands upon common ground with every other city situated in the state of California upon the main line proper, for in those cities the defendant conducts and carries on the same kind and character of business as is conducted and carried on in the city of San Bernardino. While defendant does business in the city of San Bernardino in carrying freight and passengers to and from other points in the state of California upon the trunk line, the same conditions are present as to every other city located upon the trunk line, and such circumstance, if controlling, would give them all power to levy the tax here assailed.

CVII. CAL.—34

There is no attempt by the ordinance here under discussion to levy this tax upon the local business of the defendant, even if the power to take such course existed, but by its terms it includes both local and interstate business. The ordinance covers its entire business as common carriers, regardless of its nature, and, therefore, of necessity, operates as a burden upon interstate commerce, if its business is of that character. As a condition attached to the conduct of its business in the city of San Bernardino it is required by this ordinance to pay a tax to the city. In that city its business is not confined within the state lines of California. It is, therefore, engaged in interstate commerce, and, being so engaged, no statute or municipal law can burden or handicap its business, for the regulation thereof rests solely in the hands of Congress.

For the foregoing reasons the judgment is affirmed.

VAN FLEET, J., and HARRISON, J., concurred.